UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BROOK MAYS MUSIC COMPANY, | § | |
| | § | |
|    Debtor. | § | |
| | § | |
| PRINCIPAL LIFE INSURANCE | § | CIVIL ACTION NO.  3:06-CV-2180-B |
| COMPANY AND PETULA | § | |
| ASSOCIATES, LTD., | § | |
| | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
|    Defendant. | § | |
| | § | |
| | § | |

## ORDER

Before the Court is United States Bankruptcy Judge Stacey G.C. Jernigan's Report and Recommendation regarding Defendant JPMorgan Chase Bank N.A.'s Motion for Summary Judgment (doc. 13), Plaintiffs Principal Life Insurance Company and Petula Associates, Ltd.'s Objection to the Report and Recommendation (doc. 16), and Defendant JPMorgan Chase Bank, N.A.'s Response to Plaintiffs' Objection (doc. 17).  The Bankruptcy Judge recommends granting Defendant's Motion for Summary Judgment because Plaintiffs fail to raise a genuine issue of material fact with respect to their promissory estoppel, tortious interference, and negligent misrepresentation claims.  Having considered Plaintiffs' Objections, the Court finds that should be and hereby are **OVERRULED.**

Plaintiffs' objections to the Bankruptcy Judge's conclusions are unpersuasive in light of the fact that there is still no evidence showing that Defendant engaged in direct communication with the Plaintiffs.  Absent evidence of direct communication, Plaintiffs cannot establish all essential elements of their promissory estoppel, negligent misrepresentation, or tortious interference claims. *See MCN Energy Enters., Inc. v. Omagro de Columbia L.D.C.*, 98 S.W.3d 766, 774 (Tex. App.–Fort Worth 2003, pet. denied) (holding that a plaintiff must show that a promise was made in order to prevail on a promissory estoppel claim); *Lyda Constructors., Inc. v. Butler Mfg. Co.*, 103 S.W.3d 632, 638 (Tex. App.–San Antonio 2003, no pet.) (citation omitted) (holding that a plaintiff must show the defendant made a misrepresentation to the plaintiff in order to prevail on a negligent misrepresentation claim); *Holloway v. Skinner*, 898 S.W.2d 793, 795-96 (Tex. 1995) (holding that a plaintiff must show that willful and intentional interference by the defendant to prevail on a tortious interference claim).  Plaintiffs' objection arguing that indirect communication is a sufficient basis for these types of claims in the bankruptcy context is irrelevant, because the underlying events occurred before Debtor Brook Mays filed for bankruptcy.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Bankruptcy Judge in full.  It is hereby **ORDERED** that Defendant JPMorgan Chase's Motion for Summary Judgment be **GRANTED**.

SO ORDERED.

SIGNED August 29, 2011

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE1